## Western Union Telegraph Co. v. North Packing and Provision Co.

1. DAMAGES—*Failure to Deliver a Telegram.*—Where a party is damaged by the delay of a telegraph company in delivering a message to his agent instructing him to postpone a purchase of goods to a certain day, the measure of his damage is the difference in price between the goods on the day of the agent's purchase and the cost of the same on the day on which he was instructed by the telegraph message to make the purchase.

2. PROPOSITIONS OF LAW—*Must be Warranted by the Evidence.*—A proposition of law based upon an hypothesis of fact not warranted by any evidence introduced in the case is properly refused.

**Assumpsit,** for failure to deliver a telegram.    Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.    Heard in this court at the October term, 1899.    Affirmed.    Opinion filed May 21, 1900.

**Statement.**—This cause is now before this court for a second time.    Upon a former trial the present appellant, defendant in the court below, obtained a verdict, and from

judgment upon that verdict an appeal was prosecuted and the judgment was reversed. The decision of the court is reported in 70 Ill. App. 275. For a complete statement of the transaction out of which the suit arose, reference is made to that opinion. The gist of the action is breach of contract to deliver a telegram. By reason of delay in delivery, it is claimed that the appellee was damaged. The telegram in question amounted to a direction to the Chicago agent of appellee, a Massachusetts corporation, to postpone purchase of hogs at the Union Stock Yards, Chicago, from Tuesday until Wednesday of the first week in August, 1893. By reason of delay in delivery of this direction, the agent of appellee proceeded to buy six carloads of hogs upon Tuesday. If the purchase had been postponed from Tuesday until Wednesday, as directed, the aggregate cost of the six carloads would have been less by the amount of $1,226.31. The great difference in the market for the two days was due to a sharp decline caused by the failure of a prominent firm of dealers. The cause was heard by the court without a jury. The court found the issues for appellee, and in assessing the damages measured them by the difference between the cost of the six carloads of hogs bought at market price upon Tuesday and the cost of the like at market prices upon Wednesday.

From judgment upon the finding this appeal is prosecuted.

WILLIAMS, HOLT & WHEELER, attorneys for appellant.

M. B. and F. S. LOOMIS, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is contended, by counsel for appellant, that the court should have held that the law of Massachusetts in relation to liability for unrepeated messages should control in this case. The question is disposed of by the decision of this court upon the former appeal (N. P. & P. Co. v. W. U. Tel. Co., 70 Ill. App. 275). But if it were not, no question of

controlling importance could arise in that regard. The breach of the contract of appellant does not here consist in any inaccuracy of the delivered message, which could have been avoided by repeating the message. On the contrary the breach consists in delaying the delivery of a message which was correct in contents.

Secondly, it is contended that appellee, with knowledge of the delay in delivery, elected to accept the result of the transaction. This contention is based upon the argument that the appellee, upon learning of the delay in delivery, and that because of such delay the purchase by its agent has been made contrary to the intent of appellee, should have immediately sold the hogs and then looked to appellant for the loss upon the purchase and sale. But the fact established by the evidence is that before appellee could be apprised of the mistake and its consequences, the Chicago market had become demoralized by the failure of a large dealer, and hence it can not be inferred from the evidence that any such action by appellee could have reduced the loss below the amount allowed by this judgment. There is no evidence which would have warranted the trial court in finding that if appellee had pursued some different course, after the purchase and before the Wednesday following, the damages sustained could have been made less. The direction of appellee to its agent was in effect to buy on Wednesday instead of Tuesday. By the delay of appellant in delivering the message, the agent bought on Tuesday instead of Wednesday. This court in its decision upon the former appeal, speaking through Mr. Justice Waterman, said:

" The damage    *    *    *    is the difference in price between the six carloads bought through the negligence of appellee (appellant now) on Tuesday, and the cost of such property on Wednesday."

Complaint is made of the refusal by the trial court to hold the sixth and seventh propositions of law submitted by appellant.

The sixth proposition is directly in conflict with the rule

announced by this court upon the former appeal, and hence was properly marked refused.

The seventh proposition is based upon an hypothesis of fact not warranted by any evidence introduced, for there is no evidence that the hogs could have been sold on the Chicago market at the time supposed, at any price.

The proposition numbered 13a, and marked held, indicates that the court applied a correct rule of law to the determination of the cause. That proposition is as follows: 

"The court holds as a matter of law that it was the duty of Kent as soon as he found out that he had bought hogs which his principal did not wish him to buy, to notify his principal with reasonable promptness, and the recovery of the plaintiff, if any, can not exceed the amount, if any, which plaintiff would have lost by selling the hogs at the market price prevailing at the time when, in the exercise of reasonable promptness, Kent could have notified plaintiff of the delayed message and received back instructions from him, provided there was a market price prevailing at that time."

We are of opinion that there was no error in any of the matters assigned. The judgment is affirmed.