THE WESTERN UNION TELEGRAPH COMPANY

*v.*

THE NORTH PACKING AND PROVISION COMPANY.

*Opinion filed December 20, 1900.*

1. TELEGRAPHS—*action for delay in delivering message—measure of damages.* In an action against a telegraph company for failing to promptly deliver a message to plaintiff's agent instructing him not to buy hogs, in consequence of which he had purchased six car-loads before the message was delivered, the damages cannot exceed the difference between the price paid and the prevailing market price at the time when, in the exercise of reasonable promptness, the agent could have notified the plaintiff and received instructions, where the agent's only authority was to buy and ship according to daily wires, having no authority or instructions as to selling.

2. PRINCIPAL AND AGENT—*principal not chargeable with the agent's failure to perform unauthorized acts.* In an action for damages against a telegraph company for failure to promptly deliver a message to the plaintiff's agent instructing him not to buy hogs, the defendant cannot insist that the plaintiff should be chargeable with the agent's failure to take steps in mitigation of damages which he had no authority to take.

*Western Union Tel. Co.* v. *North Packing Co.* 89 Ill. App. 301, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

HOLT, WHEELER & SIDLEY, and LOWDEN, ESTABROOK & DAVIS, for appellant.

M. B. & F. S. LOOMIS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

A judgment for $1226.31 in favor of appellee, in the circuit court of Cook county, has been affirmed by the Appellate Court, to reverse which this appeal is prosecuted.

The suit is for alleged damages resulting by reason of failure of appellant to promptly deliver a telegram sent by the appellee, a corporation doing business and with its principal office at Boston, Massachusetts, to its agent, one L. B. Kent, whose duty it was to purchase cattle, sheep and hogs for it, on its order, at the Union Stock Yards in Chicago, and to forward them to it at Boston and elsewhere. The telegram, which was delivered by the appellee to the appellant at 4:15 P. M., Boston time, on Monday, the 31st day of July, 1893, and for the transmission of which sixty-two cents toll was charged and paid, was received by the agent of appellant at the stock yards at 4:32 P. M., Chicago time, the same day. On Tuesday, August 1, Kent called at appellant's office at about 6 A. M. and inquired if there was any message for him, and was told there was not. The message was as follows:

"*July 31, 1893.*
"*L. B. Kent, Union Stock Yards, Chicago, Ill.:*
"Buy nothing Tuesday average shipment answer for Wednesday unless low day weeks order unchanged.
NORTH PACKING AND PROVISION CO."

In pursuance of a former telegram sent him by his principal and received at 6 A. M., Monday, July 31, 1893, Kent commenced buying hogs on Tuesday morning, and had purchased six car-loads, when, between 8 and 8:30 A. M. the message above quoted was delivered to him, when he immediately ceased buying, the average price paid for the hogs so bought being $5.41½. On Wednes-

day, the following day, by reason of the failure of the Cudahy company, the price of hogs had greatly declined, the average price being $4.55, the difference between the price paid for the six car-loads, which appellee's agent would not have bought had the message been delivered promptly, and the price paid the day following, when he was instructed to purchase, being the measure of damages allowed by the trial court.

The various errors assigned will all be considered together, appellant's contention being, that it was the duty of appellee, upon learning of appellant's mistake, to notify the appellant company that it held the hogs subject to appellant's orders upon being reimbursed for actual outlay, or to have immediately re-sold the hogs upon learning of the mistake, or within a reasonable time thereafter, and hold the telegraph company liable for the difference between the price paid and the price received, and that not having done this, the acts of the appellee and its agent amount to a ratification of the mistake of the telegraph company, the latter being appellee's agent for the transmission of the telegram, and to an adoption of the acts of Kent, and that only nominal damages should therefore have been allowed.

We cannot accede to appellant's contention. The proof is undisputed that the appellee, through its agent, purchased hogs for use; that the company was always a buyer at this market and never a seller, and that Kent's duties were only to buy in accordance with instructions sent him from time to time, exercising only such latitude of judgment in so doing as his instructions permitted. Much of the able argument of appellant's counsel with reference to the authority of Kent and his duty in the premises with reference to a re-sale, in an effort to minimize the loss, is not applicable to the facts of this case, which in some respects are peculiar. We fail to find any evidence in the record that at the time Kent received the delayed message he knew that it had been delayed.

He simply followed the instructions therein contained, so far as it was possible, by ceasing to make further purchases, and prepared to get the hogs weighed, watered and ready for shipment, and they were shipped out by train about 12 o'clock noon the same day. At 11:30 A. M. he wired his principal as follows: "Dispatch not delivered until had bought six cars five forty-one." This dispatch was not delivered to appellee in Boston until 1:20 P. M. When this dispatch was received by the appellee the hogs were already on the way to Boston. The evidence tends further to show, that, assuming Kent knew of the delay in delivery of the message at the time he received the same, by the time he could have wired the appellee and received a reply in return the news of the Cudahy failure would have reached the stock exchange. To quote one witness: "On receipt of the news [of the failure] the market became so demoralized the buyers would not take hold and did not know where the bottom was or where it would stop. They would not buy."

The trial court held the following proposition of law:

"That it was the duty of Kent, as soon as he found out that he had bought hogs which his principal did not wish him to buy, to notify his principal with reasonable promptness, and the recovery of the plaintiff, if any, can not exceed the amount, if any, which plaintiff would have lost by selling the hogs at the market price prevailing at the time when, in the exercise of reasonable promptness, Kent could have notified plaintiff of the delayed message and received back instructions from him, provided there was a market price prevailing at that time."

This announced a correct rule of law applicable to the facts of this case. We fail to find any evidence in the record that had the appellee pursued some different course than it did after the purchase of these hogs by its agent the damages would have been lessened. Neither is there any evidence of what was done with the hogs after their shipment by Kent.

In view of the fact that the evidence does not disclose knowledge on the part of Kent as to when he learned of the delay in the delivery of the telegram, it is hardly necessary to comment on that portion of appellant's argument with reference to what his authority as agent was with reference to acting in this case, as one of emergency, without asking for and receiving instructions from his principal, and, to the end of minimizing the loss, of re-selling the hogs within a reasonable time thereafter, provided there was a market therefor.   We hold, however, that the rule laid down by the trial court as above quoted announces a correct limitation of plaintiff's recovery, and conceding that Kent, at the time he received the message in question, examined it closely enough to note the date thereof,—a fact rather unlikely, in view of the fact that he had only two hours before been informed, in response to a direct inquiry, that there was no message for him,—and was apprised thereby of the delay in transmission or delivery, yet we hold under the special agency appearing here, and in view of the fact that he was in daily communication with his principal by telegraph and was justified in believing that it expected to direct his movements by means thereof, and no authority or means of procedure or instructions of any kind had been theretofore given him by his principal as to selling, and his only duties were to buy and ship, that he would not have been justified in acting without instructions from his principal, and that appellee cannot be charged with failure of its agent to do that which he had no authority to do.   *Postal Telegraph Cable Co.* v. *Lathrop*, 33 Ill. App. 400; 131 Ill. 575.

We find no error in the record, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*