## M. M. Stone & Co. *vs.* Postal Telegraph Cable Co.

### JULY 7, 1913.

Present:   Johnson, C. J., Parkhurst, Sweetland, Baker, and Vincent, JJ.

*(1)   Telegraph Companies.   Conflict of Law.   Rules Limiting Liability.*

In a tort action by the addressee of a telegram, addressed to him at a point within this State from a point without the state, as the validity and effect of the so-called "sixty days" and "unrepeated message" stipulations so far as concerns the addressee's right to recover for loss arising from negligent delay in the delivery of the message is governed by the law of the state where the message originated, and as the courts of New York hold such stipulations to be reasonable and valid conditions which the company may impose upon the sender, in the case at bar they will be held to be valid and binding upon the plaintiff.

*(2)   Telegraph Companies.   Notice.   Waiver.*

Where a rule of a telegraph company requires the filing of a written notice of a claim within sixty days from the date a telegram was filed for transmission, the fact that plaintiff made a verbal complaint to an employee at the office of receipt and later made a similar complaint to the manager at such office, both within the sixty days, and that when plaintiff filed his written notice after the sixty days, defendant made no objection to the claim on the ground that it was filed after the sixty-day period, does not establish either a compliance with the rule on the part of plaintiff or a relinquishment by defendant of its right to insist upon it.

*(3)   Telegraph Companies.   Gross Negligence.   Delivery of Message.*

Plaintiff whose office was in the same building with defendant telegraph company, registered a cable address with it and advised it where telegrams addressed to him under his business address were to be delivered.   Thereafter defendant delivered several messages there.   On two occasions plaintiff complained that messages had been delivered at his home, and at other times requested defendant's agent to deliver telegrams addressed to him under his business address at his office.   Plaintiff's business address appeared in the telephone directory, but did not appear in the city directory.   A telegram was received which did not contain plaintiff's business address and defendant's servant did not look in the telephone directory nor consult the record of cable addresses, but consulted merely the city directory where plaintiff's name appeared and delivered the message at plaintiff's home address.

*Held,* that where the courts of a state hold the so-called "sixty days" and "unrepeated message" stipulations to be reasonable and valid conditions and binding upon the addressee of a telegram except in cases of gross negligence, amounting to a reckless disregard of consequences to the addressee, such a case of negligence is not established by the above state of facts.

*(4) Telegraph Companies. Conflict of Law.*

In a tort action by the addressee of a telegram, addressed to him at a point within this State from a point without the state where the courts of the state where the message originated hold the so-called "sixty days" and "unrepeated message" stipulations to be unjust, without consideration, contrary to public policy and void, such stipulations did not become a part of the contract when it was made, and will not be considered by the courts of this State.

*(5) Telegraph Companies. Negligence.*

Without special agreement telegraph companies are not insurers of the correctness of the message delivered nor are they bound to exercise the highest degree of diligence and promptness in its delivery or to use the greatest care as to the place of delivery, but they must be held to the exercise of ordinary and reasonable care in the performance of their obligations.

*(6) Telegraph Companies. Actions. Damages.*

As the addressee of a telegram is not privy to the contract between the company and the sender, his action for injury arising out of the delivery of the message is properly in tort, but such action is founded upon and limited by that contract and his rights thereunder are no greater than those of the sender, and his action is governed by the same rule of damages as would be that of the sender in an action *ex contractu* founded upon the same negligent act.

*(7) Telegraph Companies. Contracts. Damages.*

Damages for breach of contract should be such as may fairly and reasonably be considered either naturally arising from such breach or such as may reasonably be supposed to have been in the contemplation of the parties, at the time of making the contract, as the probable result of it. Where special circumstances are communicated by one party to the other, damages resulting from a breach which they would reasonably contemplate would be the amount of injury which would ordinarily follow from such breach under those special circumstances, but if such circumstances were wholly unknown to the one breaking the contract, he can only be supposed to have had in contemplation the amount of injury which would arise generally from such breach.

*(8) Telegraph Companies. Damages.*

Knowledge merely that messages are important or that they relate to a business transaction without information as to the exact nature and extent of that transaction does not constitute such a disclosure of special circumstances as will render a telegraph company liable for unusual damages arising from a breach of the contract.

*(9) Telegraph Companies. Damages.*

The language of two telegrams "Too low, sell two cars two twenty-eight deld there" and "Packed fifty boxes crop apples" is insufficient to give the company any information of the possible damages which might arise from the

delivery of the telegram at the home of the addressee rather than at his business office, and in the absence of knowledge on the part of the company as to the contents of the messages, a loss to the addressee in that he was obliged to sell certain goods, at a loss either actual or of profits, could not have been in the contemplation of the company when it accepted the messages.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

SWEETLAND, J. This is an action on the case for negligence brought against the defendant to recover for losses alleged to have been sustained by reason of the negligent failure of the defendant to deliver with promptness certain telegrams addressed to the plaintiff. The case was tried before a justice of the Superior Court sitting with a jury and upon the conclusion of the testimony a verdict was rendered for the defendant by direction of the court. The case is now before this court upon the plaintiff's exceptions to the direction of a verdict and to certain other rulings of said justice made during the progress of the trial.

The declaration alleges that the plaintiff was a broker and commission merchant in the city of Providence, doing business under the style of M. M. Stone & Co., engaged in buying and selling beans and similar commodities; that on the dates when each of said telegraphic messages were sent he had on hand orders for certain quantities of such commodities subject to confirmation before the close of business hours on such dates; that previously he had sent by mail or telegraph to dealers in the State of New York and in Chicago orders for the quantities of said commodities needed to fill the orders of his customers with the request to each of said dealers that if he should accept such order given by the plaintiff to telegraph such acceptance to the plaintiff at once; that each of said dealers delivered to the defendant in the State of New York or in Chicago in season to be delivered to the plaintiff at his business address before the close of business hours on the same day, a telegram addressed to the

plaintiff in his trade name of M. M. Stone & Co., at Providence, R. I., accepting said order and paid for the transmission of said message to the plaintiff; that the defendant having notice of the location of the plaintiff's office did not deliver said messages to the plaintiff at his business address, but negligently delivered them at his home, so that they were not received by him in season to confirm and fill his customers orders, whereby he lost his commission and profit on said orders.

The declaration is in four counts.  The message which is the subject of the first count was delivered by the plaintiff's correspondent to the defendant in New York City directed to the plaintiff and was in the following terms:  "New York, Aug. 26.  M. M. Stone & Co.  Letter received accept your order beans although refused sell to others below two dollars send check" signed "Bennett Day & Co."  The message which is the subject of the second count was delivered to the defendant by the plaintiff's correspondent in Chicago for transmission to the plaintiff and was in the following terms: "Chicago, Ill. Sep. 10–09.  M. M. Stone & Co. Providence, R. I.   Too low   Sell two cars two twenty-eight deld there." signed "A. J. Thompson Co."   The message which is the subject of the third count was delivered to the defendant by the plaintiff's correspondent at Holley in the State of New York and was in the following terms:  "Holley, N. Y. Oct. 6.  M. M. Stone & Co.  Letter received.  Have booked Swift order two twenty prompt shipment." signed "W. D. Hatch."  The message which is the subject of the fourth count was delivered by the plaintiff's correspondent at Chicago to the defendant for transmission to the plaintiff and was in the following terms:  "Chicago, Ill. Nov. 3. M. M. Stone.  Packed fifty boxes crop apples." signed "A. J. Thompson."  The different dates upon these telegrams are all in the year 1909.

Among other defences the defendant set up in its plea to each of these counts that it undertook to transmit and deliver each of said messages subject to the terms and con-

ditions printed upon the back of the blank upon which said message was written by the sender thereof. One of the terms and conditions so printed on the back of the blank and known as the "sixty days" stipulation provided in substance that the defendant would not be liable for damages in any case where the claim was not presented in writing within sixty days after the message was filed with the defendant for transmission. The defendant further alleged in its pleas that in the case of each of these messages which the plaintiff claimed had been delayed in delivery the plaintiff had failed to present to the defendant his claim of damages in writing within sixty days after said message had been filed for transmission.

Another of the terms printed upon the back of said blank provided for repeating the message upon the payment by the sender of a toll greater than the regular rate charged and also provided by what is known as the "unrepeated message" stipulation that the defendant would not be liable for damages in the case of an unrepeated message beyond the amount received by it for sending the same. All the messages referred to in the declaration were unrepeated messages.

(1)    Prior to said trial certain questions of law were certified to this court by the Superior Court and the opinion of this court thereon appears in 31 R. I. 174. In said opinion it was held that the so-called "sixty days" and "unrepeated message" stipulations were valid conditions which the defendant might impose upon the contract with the sender of the message and that any right of action which the plaintiff may have is based upon and limited by the terms of the contract for transmission. As the receiver of the telegram he may come in and avail himself of the defendant's express and implied obligations arising under the contract; but the plaintiff's right can be no greater than those of the party to the contract. All the courts of last resort in the different states of the Union are not in accord upon the question of the validity of these stipulations; and it was further held in said opinion that the validity and effect of said stipulations

so far as concerns the addressee's right to recover for loss arising from negligent delay in delivery of the message is governed by the law of the State where the message originated.

It is admitted by the plaintiff that the courts of the State of New York hold the stipulations in question to be reasonable and valid conditions which the defendant might impose upon its contract with the sender of the message; and that in the case at bar under the New York decisions the plaintiff would be entitled to recover upon the first and third counts of his declaration only in case the defendant was guilty of gross negligence or in case the defendant had waived said condition.   The validity and effect of these stipulations with reference to the telegrams which are the subject of the first and third counts of the declaration are determined by the law of the State of New York where said messages were delivered to the defendant and must be held to be valid and binding conditions.

(2)   The plaintiff did not file a written notice of his claim for damages for loss arising from negligent delay in the delivery of the four telegrams in question until November 5th, 1909, more than sixty days after the telegram of August 26th was filed with the defendant for transmission, but within sixty days after the other telegrams were filed for transmission. The plaintiff contends that although the said "sixty days" and "unrepeated message" stipulations are valid under the laws of the State of New York in ordinary circumstances; yet as to the telegram of August 26th, which originated in the city of New York, said "sixty days" regulation has been waived by the defendant; and that as to said message of August 26th and the message of October 6th, which originated at Holley, in the State of New York, the "unrepeated message" stipulation is inapplicable because of gross negligence on the part of the defendant.

In regard to the message of August 26th, 1909, the plaintiff bases his contention that the defendant had waived the provision that it would not be liable for damages if the claim

was not presented within sixty days after the message was filed for transmission upon the following facts: On August 27th he made a verbal complaint to an employee at the Providence office of the defendant because the message of August 26th had not been delivered at his office; and on September 11th, 1909, he made another verbal complaint to the manager of the Providence office of the defendant with regard to the same matter; also when the plaintiff presented to the defendant the written notice of his claim for damages for its failure to deliver the several telegrams in question at the plaintiff's office, the defendant made no objection to the claim of loss as to the telegram of August 26th on the ground that the plaintiff had failed to give the defendant written notice of his claim within sixty days. These facts fall far short of establishing a relinquishment by the defendant of its right to insist upon the provisions of said stipulation. The plaintiff cannot recover for any loss occasioned by negligence in the delivery of said telegram of August 26th. The facts relied upon by the plaintiff to establish gross negligence on the defendant's part in the delivery of the message of October 6th are as follows: (3) This telegram as well as the others named in the declaration was delivered at the home of the plaintiff rather than at his business office whereby he failed to receive it until after the close of business hours on the day of delivery. The plaintiff's office was in the same building as the defendant's main office. The plaintiff commenced doing business as a commission merchant about June 1st, 1909. Shortly thereafter he went to the defendant's office and arranged to have a cable address recorded with the defendant and informed the defendant's servant where telegrams addressed to M. M. Stone & Co. should be delivered. Between June 1st, 1909, and October 6th, 1909, the defendant delivered a number of telegrams transmitted over defendant's wires and addressed to M. M. Stone & Co. to the plaintiff at his business office. On August 27th, and again on September 11th, he made complaint to the defendant's agent that the telegrams

of August 26th and September 10th had been delivered at his home rather than at his office. At other times between June 1st, 1909, and October 6th, 1909, the plaintiff requested the agent of the defendant to deliver telegrams addressed to the plaintiff as M. M. Stone & Co. at his business office. The plaintiff's business address appeared in the Providence Telephone directory, but did not appear in the ordinary city directory. The plaintiff's business address was not placed in the messages by the senders thereof. When the messages in question arrived at Providence, the defendant's servant neglected to look in the telephone directory or to consult its record of cable addresses, but consulted merely the Providence city directory and delivered said messages at the only address of the plaintiff appearing in said directory, namely, his home address. Without deciding whether upon these facts a jury might properly have found the defendant guilty of negligence with regard to the delivery of the message of October 6th, we think that the justice presiding properly ruled that this evidence was not sufficient to warrant a finding of gross negligence on the part of the defendant. The degree of negligence, which, under the New York decision, will render the defendant liable notwithstanding the provision restricting liability, is much greater than ordinary negligence or carelessness. It is very great negligence amounting to a reckless disregard of consequences to the sender or addressee of the message. The facts relied upon by the plaintiff do not show such a condition. The plaintiff cannot recover for any loss arising from the manner of delivery of the message of October 6th, 1905.

(4)     The courts of the State of Illinois hold the "unrepeated message" stipulation to be unjust, without consideration, contrary to public policy and void. *Tyler & Co.* v. *The Western Union Telegraph Co.*, 60 Ill. 421, *Western Union Telegraph Co.* v. *Tyler*, 74 Ill. 168. The defendant, however, contends that under the Illinois decisions it is the law of the place of performance which governs; and hence as the two telegrams which are respectively the subject of the second

and fourth counts of the declaration, although forwarded by the defendant in Illinois, were to be delivered in Rhode Island the stipulation should be held as valid by this court although against public policy in Illinois, the place where the contract originated.   The defendant bases this claim upon the case of *Western Union Telegraph Co.*, v. *North Packing Co.* 188 Ill. p. 366.   This view was adopted by the justice of the Superior Court.   In our opinion this is not a correct interpretation of *North Packing Co.* v. *Western Union Telegraph Co.* (*supra*).   That case first came to the Appellate Court of Illinois, first district, on appeal from the circuit court of Cook county.   By the opinion reported in 70 Ill. App. 275, the judgment rendered for the defendant was reversed and the case was remanded to the circuit court for a new trial. The action was in assumpsit for failure to deliver.promptly in Chicago a telegram originating in Boston.   The message when it was filed with the defendant had the "unrepeated message" stipulation printed on its back.   This stipulation is held to be valid in Massachusetts, but against public policy in Illinois.   The appellate court held, contrary to the great weight of authority, that as the message was to be delivered in Chicago the .contract should be construed in accordance with the law of Illinois.   The case was retried in the circuit court resulting in a decision for the plaintiff and again came to the appellate court on appeal.   89 Ill. App. 301.   In that opinion the appellate court said:   "It is contended by counsel for appellant that the court should have held that the law of Massachusetts in relation to liability for unrepeated messages should control in this case. The question is disposed of by the decision of this court upon the former appeal.   70 Ill. App. 275.   But if it were not, no question of controlling importance could arise in that regard."   The court then proceeded to a discussion of the other exceptions and approved the judgment.   The case then went to the Supreme Court and the opinion of that court appears in 188 Ill. 366.   Apparently no question of the conflict of law was before the Supreme Court.   The court

said: "The various errors assigned will be considered together;" following which is an extended discussion of questions relating to the legal effect upon the matter of damages of certain conduct on the part of the plaintiff and its agent; but the opinion is silent as to whether the law of Massachusetts or that of Illinois governs as to the validity of the conditions printed on the back of the message blank. It is clear that no assignment of error carried that question to the Supreme Court. *Western Union Telegraph Co.,* v. *North Packing Co.* 188 Ill. 366, therefore is not an authority for the proposition that under the Illinois law the law of the place where the message was delivered governs as to the validity of the "unrepeated message" stipulation. In that case the courts of Illinois might with propriety refuse to enforce such a provision, although it constituted a valid part of the contract in Massachusetts, in accordance with the well recognized doctrine that a contract will not be upheld, though valid in the place where it was made, if regarded as against public policy of the state in which it is attempted to be enforced. We must hold the conclusion of the justice of the Superior Court as to the state of the Illinois law in this regard to be unwarranted. As we have previously held in this case, 31 R. I. 174, the question as to the validity and effect of this regulation is governed by the law of the state where the message originated. In the messages which are the subject of the second and fourth count of the declaration, the stipulations printed upon the back by which the defendant sought to restrict its liability were of no effect when the contract was made. They were against the public policy of the State of Illinois, entirely void and unenforceable. As they did not become a part of the contract when it was made the courts of this state cannot place them therein.

We will now pass from this general consideration of the case to the specific exceptions before us. The plaintiff excepted to rulings by the justice presiding excluding evidence offered by the plaintiff to show the actual damage sustained by him by reason of the manner in which the

defendant delivered said messages.   As to the messages of August 26th, 1909, and October 6th, 1909, both of which originated in the State of New York, we have said above that no recovery can be had.   The exceptions to the exclusion of such testimony in regard to those telegrams (5) therefore are overruled.   As to the messages of September 10th and November 3rd, which were filed with the defendant in the State of Illinois, the legal liability of the defendant is such as results from the agreement to transmit the same for a reasonable compensation, unaccompanied by any limitation of its liability by express terms or conditions.   Without special agreement telegraph companies are not insurers of the correctness of the message delivered nor are they bound to exercise the highest degree of diligence and promptness in its delivery or to use the greatest care as to the place of delivery; but they must be held to the exercise of ordinary and reasonable care in the performance of their obligations. As this plaintiff was not privy to the contract between the (6) defendant and the sender of these messages his action is properly in tort.   We have held, however, that his action is founded upon and limited by that contract and his rights thereunder can be no greater than those of the party to the contract.   31 R. I. 174.   His action is governed by the same rule as to damages as would be that of the sender of the message in an action *ex contractu* founded upon the same alleged negligent act of the defendant.

The rule as to special damages for breach of contract, followed by the courts of England and the United States and approved by this court in *Greene* v. *Creighton*, 7 R. I. 1, was laid down by Baron Alderson in *Hadley* v. *Baxendale*, 9 (7) Exch. 354, in the following terms:   "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive, in respect of such breach of contract, should be such as may fairly and reasonably be considered either naturally arising, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to

have been in the contemplation of the parties, at the time they made the contract, as the probable result of it.   Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under those special circumstances so known and communicated.   But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such breach of contract."

The testimony offered by the plaintiff, the exceptions to the exclusion of which is now under consideration, was that by reason of the delay in the receipt by him of the messages in question he was unable to accept the offer of his customers made for the commodities referred to in these telegrams; and that he was obliged to make sales of said goods to other persons at a loss, either actual or of profits.   Can such loss be said to be one which naturally flowed from the alleged breach of the defendant's duty as to delivery of these messages; or can such loss be regarded as within the contemplation of the parties as a result of such breach of the defendant's duty?   The only loss which would naturally flow from the failure to deliver this message would be the loss to the sender of what he paid to the defendant for its service.  In the absence of knowledge on the part of the defendant as to the contents of the messages the loss which the plaintiff now claims cannot have been in the contemplation of the defendant, when it accepted the messages for transmission. The (8) plaintiff contends, however, that under the authority of a number of cases in several of the states, enough appeared in the messages in question to show that they related to business transactions between the plaintiff and the senders and that

that is sufficient to charge the defendant with all the damages resulting from its negligence in transmission and delivery. *Postal Telegraph Cable Co.* v. *Lathrop,* 131 Ill. 575. The plaintiff claims that that circumstance would bring this case within the portion of the rule in *Hadley* v. *Baxendale,* which provides that if the special circumstances under which the contract was made were communicated to the defendant it would be liable for the extraordinary damages which might arise from a breach of the contract under those special circumstances. The weight of authority, however, and it seems to us the better reason, is, that the knowledge merely that the messages are important or that they relate to a business transaction without information as to the exact nature and extent of that business transaction does not constitute such a disclosure of special circumstances as would render the defendant liable for unusual damages arising from a breach of the contract. *Primrose* v. *Western Union Telegraph Co.,* 154 U. S. 1; *Wheelock* v. *Postal Telegraph Cable Co.,* 197 Mass. 119; *Baldwin* v. *U. S. Telegraph Co.,* 45 N. Y. 744; *Candee* v. *Western Union Telegraph Co.,* 34 Wis. 471; *U. S. Telegraph Co.* v. *Gildersleve,* 29 Md. 232. In the case at bar the only notice which the defendant had of the transactions to which the messages of September 10th, 1909, and November 3d, 1909, related was contained in the messages themselves, which were as follows: "Too low. Sell two cars two twenty-eight deld there," and "Packed fifty boxes crop apples." From the language of these telegrams the defendant might have conjectured that they related to some sort of business transaction but they were insufficient to give it any information of the possible damages which might arise from the delivery of the telegrams at the plaintiff's home rather than at his business office. The testimony in question offered by the plaintiff was properly excluded and the exceptions should be overruled.

The plaintiff excepted to the ruling of said justice directing the jury to return a verdict for the defendant. As to the first and third counts of the declaration relating

to the messages delivered to the defendant in the State of New York, we have said above that no cause of action arose to the plaintiff from the matters alleged in said counts. As to the second and fourth counts of the declaration, relating to messages delivered to the defendant in the State of Illinois, we have said above that the justice was in error in his conclusion that the plaintiff could not recover on said counts because of the validity of the "unrepeated message" stipulation which the defendant sought to impose as a condition attached to the transmission of said messages. There is, however, no testimony upon which the jury could base a finding of damages for the plaintiff upon said counts if they should find the defendant was guilty of negligence in the manner of delivery of said messages. There was therefore no reversible error in the direction of a verdict by said justice.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*William J. Brown,* for plaintiff.

*Carver, Wardner, Cavanagh & Walker, G. Philip Wardner, Clifford H. Walker, Edwards & Angell,* for defendant.